WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803                                    Electronically Filed on:  November 15, 2013
P.O. Box 6630
Reno, Nevada 89513
Telephone:  (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | CASE NO. 13-51926-BTB |
| --- | --- |
| | CHAPTER 13 |
| JOSEPH L. POLLOCK, | |
| | **TRUSTEE'S OBJECTIONS TO** |
| Debtor. | **CONFIRMATION OF CHAPTER 13 PLAN** |
| | |
| | Hearing Date: 12/06/2013 |
| | and Time:       2:00 pm |
| / | (Time Required – 1 minute) |

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied.  In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

__**X**___           The Plan does not satisfy the best interest of creditors test.  11 U.S.C. §1325 (a)(4).  The scheduled value of the Debtor's non-exempt assets is **$Unknown at this time (minimal known amount as of today's date is $31,564.43 with documents requested for unknown amounts).**  The Trustee projects that holders of unsecured claims will receive distributions totaling approximately **$13,350.00**.

__**X**___           The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case.  11 U.S.C. §§1325(b)(1)(B) & (b)(2). Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).
           **The debtor's calculation of their income resulted in an under the median income level.  The Trustee's calculation of the debtor's income was higher resulting in an Annualized current monthly income that is over the Applicable median family income which results in a positive Disposable Monthly Income (Line #59). The current proposed plan does not adequately provide for the amount required to be paid to the unsecured creditors, nor does the proposed plan payment provide for sufficient funds to account for a 100% distribution to all allowed claims.**
           **In addition, the Trustee believes that a debtor over the median income level with a positive DMI must be a 60 month commitment period.  Debtors plan is proposed at a 36 month plan.**

**The Trustee requests that the Form 22C be amended.**

__X___    **The 2nd DOT pays off of $638.50 in month August of 2015 and the vehicle pays off of $467.38 in month September of 2017.  The plan does not propose step up payments.**
        *In re Montiho*, **466 B.R. 539 (Bankr. D. Haw. Feb. 10, 2012) (Harris)** (Plan payments must "step up" when payment on car loan is completed during the Chapter 13 case, because completion of payment of secured debt is known or virtually certain at the time of confirmation for purposes of *Hamilton v. Lanning,* __ U.S. __, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (June 7, 2010).).

__X___    The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims.  11 U.S.C. §1322(a).
        **Chase Mortgage**

___X__    The Debtor has not complied with 11 U.S.C. §521 and the Debtor's obligations to cooperate with the Trustee's office by failing to appear at the 341 meeting and/or failing to file and provide requested or required documents to the Trustee.  The Trustee may raise additional substantive Plan objections at the confirmation hearing if any when the Debtor(s) complies with his or her obligations under the Bankruptcy Code.
        **DSO Information**
        **Date of when support/alimony will end**
        **Detailed verification on counter credits deposited into personal account (Bank of America)**
        **Domestic Partner income and expense documentation (pay stubs, support payments etc.)**
        **Children's (people living in the home) household contributions made**

__X___    Other. **Paragraph 2.15 provides that Chase Mortgage will be surrendered in full satisfaction of its debt.  This provision causes the plan not to comply with 11 U.S.C. § 1325(a)(1) to the extent it is intended to predetermine the allowed amount of any timely filed proof of claim that asserts a deficiency.  In re Rodriguez, 375 B.R. 535 (Bankr. 9th Cir. 2007).**

DATED:  November 15, 2013                    /S/ WILLIAM A. VAN METER
                                            William A. Van Meter, Trustee

Case 13-51926-btb    Doc 18    Entered 11/15/13 14:51:29    Page 3 of 5

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Katie Christ hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on November 15, 2013, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated: November 15, 2013

        /S/ Katie Christ
        Katie Christ

ERNEST ADLER, ESQ.
KILPATRICK, JOHNSTON & ADLER
412 NORTH DIVISION STREET
CARSON CITY, NV 89703

JOSEPH L. POLLOCK                       Served by First Class Mail
15140 SYLVESTER ROAD
RENO, NV 89521

William A. Van Meter
Chapter 13 Trustee
P.O. Box 6630
Reno, NV  89513


JOSEPH L. POLLOCK
15140 SYLVESTER ROAD
RENO, NV 89521