

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
___March 19, 2014_____

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89513
Telephone:  (775) 324-2500
Katie@reno13.com

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO. **BK-N 13-51926-BTB** |
| JOSEPH L. POLLOCK, | CHAPTER 13 |
| | **ORDER CONFIRMING CHAPTER 13 PLAN** |
| Debtor. | Hearing Date:  February 27, 2014<br>Time:  10:00 a.m. |

     The Debtor's Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtor's plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

     **IT IS ORDERED** that the Debtor's Chapter 13 Plan is confirmed.

     **IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

     **IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtor's Chapter 13 Plan as estimated by the Debtor in the Plan and that

the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtor's proposed assumption of executory contracts and unexpired leases as set forth in the Debtor's Chapter 13 Plan are approved.  All executory contracts and unexpired leases not provided for in the Debtor's Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim.  Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice.  In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final.  Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtor's Plan.  The time period for the Debtor to file a proof of claim set forth in Fed. R. Bankr. P. 3004 is extended until (30) days following service of the Trustee's Notice of Intent to Pay Claims.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that in the event all allowed claims are paid in full prior to the expiration of the Applicable Commitment Period, the Trustee may proceed with closing the case pursuant to applicable local rules without further notice and hearing, seeking a plan modification.

**IT IS FURTHER ORDERED** that the Debtor shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtor's assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtor shall modify the confirmed plan to satisfy all confirmation requirements.  Failure to modify the plan under these circumstances shall constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears.  The Debtor will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that to the extent the plan provides that the Debtor will directly pay his or her ongoing mortgage payments, any Notice of Fees, Expenses, and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c) constitute the Debtor's obligation to maintain payments in accordance with 11 U.S.C. § 1322(b)(5) and shall be paid directly by the Debtor.  Unless the court orders otherwise, the Trustee will administer only those prepetition arrears reflected in the secured creditor's proof of claim that are necessary to cure any prepetition default.  In the event the Debtor objects to any postpetition fees and charges reflected in a notice filed pursuant to Rule 3002.1(c) the Debtor may file a Motion pursuant to Rule 3002.1(e) seeking a determination of the amount owed.  In the event the Debtor

wishes to provide for payment of any postpetition fees and charges reflected in a Rule 3002.1(c) by the Trustee the Debtor must file a Motion to Modify the confirmed plan pursuant to 11 U.S.C. § 1329.

    **IT IS FURTHER ORDERED** the Plan provides for total attorney's fees of **$4,000.00**. Of this amount a total of **$4,000.00** is allowed, and **$1,350.00** has been paid prepetition. The balance of **$2,650.00** shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after notice and hearing in accordance with 11 U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and the Court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

    **IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

1. The liquidation value of the Debtor's bankruptcy estate is $84,530.43. The plan satisfies 11 U.S.C. § 1325(a)(4) because the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be distributed to holders of allowed unsecured claims if the bankruptcy estate were liquidated and distributed under Chapter 7.

2. In order to provide the adequate amount of liquidation value the unsecured creditors shall receive a 100% distribution to all allowed claims filed in the case. The Debtor's plan payment shall remain at $500.00, however the plan term shall be extended from 36 to 55 months for a base amount of $27,500.00. Should the increased base be insufficient to provide for all allowed claims, when the allowed amount of all claims is known, the Trustee shall notify the Debtor's attorney of the amount necessary to fully fund all allowed claims and the Debtor's plan payments shall be increased or plan term shall be extended by stipulation without further notice and hearing to provide for such a distribution. In the event all allowed claims are paid in full prior to the expiration of the applicable commitment period, the plan shall be completed and the Trustee shall proceed with closing the case.

3. The Debtor's plan provides for the surrender in full satisfaction of collateral to creditor Chase regarding the first deed of trust on the property located at 3500 Imperial Way, Carson City, Nevada. To the extent the plan states or implies that a deficiency claim is precluded because collateral will be surrendered in full satisfaction of the debt, the provision is unenforceable and shall not preclude the filing or result in the disallowance of a timely filed deficiency claim.

4. The Debtor scheduled a secured debt owed to Chase regarding the first deed of trust on the property located at 1401 Wesley Drive, Reno, Nevada, in the amount of $39,227.00, but did not provide for creditor in the plan. The secured debt is being paid by a third party, and the Debtor is surrendering his interest in the property that secures the claim. The Trustee shall make no distributions to the secured portion of the claim and to the extent the creditor determines that its secured claim is not fully satisfied from the liquidation of its collateral, it may amend its proof of claim as it deems appropriate. In the event that an amended claim is filed the creditor shall be paid pro rata with other general unsecured claims.

5. Secured creditor Quicken Loans filed a proof of claim on November 6, 2013, for arrears owed on the first deed of trust in the amount of $2,042.15. The debtor's plan did not provide for arrears; however the debtor intends to provide for Trustee payments to this creditor. The Trustee shall pay Quicken Loans pursuant to the filed proof of claim in the amount of $2,042.15 with 0% interest.

Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE

**Approved**/Disapproved by:

/S/ ERNEST ADLER
ERNEST ADLER, ESQ.
Attorney for Debtor

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

   _____ The court waived the requirements set forth in L.R. 9021.

   _____ No party appeared at the hearing or filed an objection to the motion.

   __X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order as indicated above, or waived their right to approve the order, or failed to respond, as indicated below:

ERNEST ADLER, ESQ.     __X__ Approved \_\_\_\_\_ Disapproved \_\_\_\_\_Failed to Respond

   __X__ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

**Dated:** March 18, 2014

                                                                /S/ Katie Christ
                                                                Katie Christ
                                                                Assistant to William A. Van Meter, Trustee
                                                                P.O. Box 6630
                                                                Reno, NV  89509

                         ###